U.S. Department of Justice

United States Attorney
District of New Jersey

| | | |
|---|---|---|
| JDL/PL AGR<br>2006 RO 681 | Clarkson S. Fisher Federal Building<br>402 East State Street, Room 430<br>Trenton, New Jersey 08608 | Tele 609 989 2190<br>Fax  609 989 2275 |

June 26, 2006

**Via Facsimile @ 732 370 0125 and First Class Mail**
Gregory V. Sharkey, Esq.
500 West Kennedy Boulevard
Lakewood, New Jersey 08701

      Re:  **Plea Agreement with Victor Kara**   06-697-01(FLW)

Dear Mr. Sharkey:

This letter sets forth the plea agreement between your client, Victor Kara, and the United States Attorney for the District of New Jersey ("this Office").

### Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Victor Kara to a one-count Information, which charges that, on or about November 8, 2005, he knowingly and willfully possessed child pornography, that had been shipped in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). If Victor Kara enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Victor Kara for his distribution, receipt, or possession of child pornography on or about November 8, 2005. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Victor Kara may be commenced against him, notwithstanding the expiration of the limitations period after Victor Kara signs the agreement. Victor Kara agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Victor Kara signs the agreement.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(5)(B) to which Victor Kara agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by the any victims of the offense Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Victor Kara is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Victor Kara ultimately will receive.

Further, in addition to imposing any other penalty on Victor Kara, the sentencing judge: (1) will order Victor Kara to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Victor Kara to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Victor Kara, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 2253; and (5) pursuant to 18 U.S.C. § 3583, may require Victor Kara to serve a term of supervised release of at least two years, but not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Victor Kara be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Victor Kara may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Victor Kara agrees to forfeit to the United States all computer and computer accessories, including a Gateway Computer, serial number CSL5941002402, Gateway Monitor,

serial number MRC5950H09747, WD Hardrive, serial number WMAA51792634, Maxtor Hardrive, serial number E3095CFA, Gateway 2 peripheral devices, 258 compact computer discs, 21 floppy computer discs, and miscellaneous documents (the aforementioned materials of which are detailed within Custody Receipt for Seized Property and Evidence, receipt numbers 3169191 and 3169192, dated November 8, 2005,), and all visual depictions that were produced, transported, mailed, shipped or received in violation of the law; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information.  See 18 U.S.C. § 2253.

### Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Victor Kara by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Victor Kara's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Victor Kara agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Victor Kara from

- 3 -

any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Victor Kara waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Victor Kara. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil proceeding against Victor Kara.



- 4 -

### No Other Promises

This agreement constitutes the plea agreement between Victor Kara and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: JONATHAN D. LEVY
Assistant U.S. Attorney

APPROVED:

NORV McANDREW
ATTORNEY-IN-CHARGE, Trenton Office

- 5 -

    I have received this letter from my attorney, Gregory V. Sharkey, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____  Date: 7/31/06
Victor Kara

_____  Date: 7/31/06
Gregory V. Sharkey, Esq.

- 6 -

Plea Agreement With Victor Kara

Schedule A

1. This Office and Victor Kara recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Victor Kara nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Victor Kara within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Victor Kara further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2004 applies in this case. The applicable guideline is U.S.S.G. § 2G2.2. This guideline carries a Base Offense Level of 18.

3. Since the material at issue in this matter involved prepubescent minors and minors under the age of 12, Specific Offense Characteristic § 2G2.2(b)(2) applies. This Specific Offense Characteristic results in an increase of 2 levels.

4. Since defendant's possession of the material at issue in this matter involved the use of a computer, Specific Offense Characteristic § 2G2.2(b)(6) applies. This Specific Offense Characteristic results in an increase of 2 levels.

5. Since defendant possessed more than 600 images of child pornography, Specific Offense Characteristic § 2G2.2(b)(7)(D) applies. This Specific Offense Characteristic results in an increase of 5 levels. See also U.S.S.G. § 2G2.2, comment. (n.4(B)(ii)).

6. As of the date of this letter, Victor Kara has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Victor Kara's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Victor Kara has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the

- 7 -

court to allocate their resources efficiently. If Victor Kara enters a plea pursuant to this agreement and qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and if in addition Victor Kara's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater, Victor Kara will be entitled to a further 1-point reduction in his offense level pursuant to U.S.S.G. § 3E1.1(b).

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Victor Kara is 24 (the "agreed total Guidelines offense level").

9. Victor Kara reserves his right to move for a downward departure on the grounds of diminished capacity, pursuant to U.S.S.G. § 5K2.13, mental and emotional conditions pursuant to U.S.S.G. §5H1.3, physical condition pursuant to U.S.S.G. §5H1.4, or post-offense rehabilitation as recognized in United States v. Sally, 116 F.3d 76 (3rd Cir. 1997). The Government reserves the right to oppose such a motion. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

10. Victor Kara knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 24, except that Victor Kara reserves the right to challenge a denial of a downward departure on the grounds set forth in Paragraph 9. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 24, except that this Office reserves the right to challenge the granting of a downward departure on the grounds set forth in Paragraph 9 above. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an

- 8 -

appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

11. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.